IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | PLAINTIFF |
| v. | CIVIL ACTION NO. 1:17-CV-195-GHD-DAS |
| REGIONS INSURANCE, INC., ET AL | DEFENDANTS |
| REGIONS INSURANCE, INC. | CROSS-CLAIMANT |
| v. | |
| PERFORMANCE INSURANCE SERVICES, INC., D/B/A JAMES ALLEN INSURANCE | CROSS-DEFENDANT |

## ORDER GRANTING IN PART MOTION TO APPOINT ARBITRATOR

Presently before the Court is the Defendant/Cross-Claimant Regions Insurance's ("Regions") Motion to Appoint Arbitrator [41]. Upon due consideration, the Court finds that the motion should be granted in part; the Court shall direct the timely appointment of an arbitrator but, rather than appointing a specific arbitrator, shall require the parties to utilize the procedure set forth in their subject Arbitration Clauses to select an arbitrator.

In 2018, this Court compelled the parties to arbitrate this dispute in its entirety [36, 37, 40]; none of the parties dispute that a valid arbitration agreement exists or that all relevant claims are subject to arbitration. Since that time, however, the parties have run into difficulty in selecting an arbitrator, leading Regions to file the present motion seeking to have the Court select an arbitrator for the parties. Section 5 of the Federal Arbitration Act, 9 U.S.C. § 5, authorizes federal courts to appoint an arbitrator in a suitable action when one or more of the parties fails to engage in arbitrator selection or if, for any other reason, there is a lapse in the naming of an arbitrator. 9 U.S.C. § 5. In the case *sub judice*, there has been, at minimum, a lapse in the naming of an arbitrator regarding

this action. As the Fifth Circuit has made clear, even though this Court previously compelled this action to arbitration, the Court possesses ancillary jurisdiction to adjudicate the present motion. See, e.g., *Adams Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443 (5th Cir. 2013).

The operative language of the parties' arbitration clauses provide that the parties will first try to agree upon an arbitrator; if they cannot agree, each party selects an arbitrator, and those arbitrators then select an umpire who will ultimately adjudicate the action [Docs. 11-2, at p. 10; 11-3, at p. 14]. Here, the parties unsuccessfully attempted to mediate the dispute; they have since run into difficulties in selecting an arbitrator to adjudicate the dispute. Without assigning any blame for that lapse, and in accordance with the plain language of the parties' arbitration clauses and given that the Plaintiff has made a demand for arbitration [Doc. 52-1], the Court hereby orders the parties to each respectively select an arbitrator, and for those arbitrators to then select the umpire who will ultimately adjudicate this dispute.

IT IS THEREFORE ORDERED that the Defendant/Cross-Claimant Regions Insurance's Motion to Appoint Arbitrator [41] is GRANTED IN PART. Because the Plaintiff has made a demand for arbitration [Doc. 52-1], the parties SHALL each respectively SELECT an arbitrator to adjudicate this dispute within 30 days of today's date; should the parties fail to agree on an arbitrator, their selected arbitrators shall then select an umpire who will arbitrate this dispute, determine the location of the arbitration proceeding, and which state's law to apply to the subject claims. The parties shall then ARBITRATE this dispute in accordance with the subject arbitration clauses. In addition, the parties shall SUBMIT a status report to the Court within 60 days of today's

date apprising the Court of the status of the arbitration proceeding.

SO ORDERED, this the ___17th___ day of November, 2020.

                                                                     _/s/ Glen H. Davidson_
                                                                      SENIOR U.S. DISTRICT JUDGE